Case No. 23-1349 Tanger Grand Rapids LLC v. Rockford Construction Co Argument not to exceed 15 minutes per side Mr. Scott, you may proceed for the appellant Thank you and may it please the court I am David Scott on behalf of the appellants Tanger Grand Rapids and Tanger Devco. I'll collectively refer to them as Tanger With the court's indulgence I reserve four minutes for rebuttal Certainly the court has read the briefing and is familiar with the background facts I will briefly for context summarize that the case is basically about the ruinous failure of a multi-acre parking lot That caused the owner of the project, Tanger Grand Rapids, three million plus dollars to remedy This court should reverse and remand the district court due to the existence of disputed issues of material fact Relative to the district court's granting of summary judgment in favor of the defendant Rockford Construction Tanger engaged Rockford as a construction manager to develop a retail outlet mall in Byron Township, Michigan For a guaranteed maximum price of about 40 odd million dollars which escalated to 50 million dollars that Tanger, the owner, paid to Rockford Including a large parking lot across again a site that was about over 30 acres give or take The construction was completed in July of 2015 By that winter, so by the winter of 2016, the parking lot was already essentially disintegrating It was tenting, portions of it were coming together, it was scalloping, it was pulling apart, essentially disintegrating Now the parties investigated trying to figure out what is going wrong here, why is this parking lot I mean, as I understand it, Tanger is the one who wanted to save money and directed that the on-site materials be used Correct? The court is absolutely correct. In the clarifications, the answer is yes, your honor Okay, then why isn't MTC the party responsible? It seems to me they're the ones that looked at the materials, that certified they met And then the general contractor even asked for clarification, they say yes, and so they go ahead and use it Right, so essentially that's what the district court said, right? There's a big pile of materials on the site, right? And that's a fact There's a big pile, literally a big pile of materials And Tanger, with any construction site, there's a cut-fill, right? Every owner wants a balanced site, right? I don't want to pay to cart stuff off, I don't want to pay to bring stuff in, right? So as long as that on-site material was consistent with the specifications, of course Tanger wants that used That's in the clarifications, your honor Right, but then MTC says, yeah, it's consistent And so Rockford says, are you sure we can use this? Because I can't remember, it says 21A in the contract, this is 22 whatever And they say yes, you can use it So exactly, the only way that the on-site materials could have been used was if the on-site materials were suitable, right? Consistent with the specs And Rockford's point is that MTC, my client, was Tanger's geotechnical engineer And MTC, the court is correct, MTC did inspect those materials, some of the on-site materials, and said yes, they're suitable So that all happened, your honor Right, who hired MTC? Tanger, my client, did have a contract with MTC, the geotechnical engineer So what Rockford says is, points the finger right at MTC, and says that is the failure, right? That's what the court is saying, that's what the district court held And that analysis fails, for a few reasons And there are disputed issues of material fact And the reason that analysis fails, number one, is because Rockford had its own obligation To have engaged its own independent geotechnical engineer That comes from the Netterworld specs, and those weren't an exhibit to the contract Actually, your honor, the facts prove the exact opposite of that Okay, tell me what fact proves that the specs were part of the contract Because they're not signed, they're different in kind, they're not an exhibit to the contract So how are they, and the contract has an integration clause So how are they incorporated into the contract? Number one, let us start with the contract itself Article 1 of the contract defines the contract documents to include specifications, capital S Specifications, what the court is referring to, and what Rockford argues Is section 16.1.7 of the contract, refers to some exhibits Refers to exhibit B, is what the court is talking about Which talks about specifications Exactly, your honor, and exhibit B is a table of contents And section 16.7.1, the very first word of 16.7.1 In addition to article 1, specifications, additional documents Include exhibit B, which is a table of contents, your honor It's not even the specifications themselves If the court looks again, section 16.7.1 is additive, not exclusive Of article 1, specifications Secondly, exhibit B, it's just a table of contents It's like looking at a glossary It's not even the specifications themselves, your honor Right, but how, we look at the entirety of the documents So they would have to be in there Exactly, your honor, the entirety, so how can Rockford argue That what it presented was the entirety of the document, when it's not Because exhibit B is a table of contents, it is not Are you saying something was omitted from exhibit B Or are you saying that exhibit B is irrelevant That it's article 1 that's controlling And that specifically includes the specifications Exhibit B is additive I'm sorry, what? It's an additional document, exhibit B lists additional documents You're not answering my question Are you saying that exhibit B Mistakenly omitted the rest of the materials And only included a table of contents And that the specifications would have been in there Had it included the whole document Or are you saying that exhibit B has nothing to do with it It's section A that's controlling And section A specifically refers to the specifications I believe it's the former, exhibit B is part of the contract It is part of the contract, it's not the entire contract It's part of the contract, only part So you're saying that the specifications were part of exhibit B But they just didn't make it And it erroneously just had the table of contents No, your honor, what I'm saying is that Rockford has never identified what is the totality of the contract We are saying the specifications that we included So are you, I don't understand why you didn't say The latter, okay, are you relying on article 1 That says that the contract includes the specifications That's what you're relying on And you're saying exhibit B has nothing to do with it We're saying that exhibit B is also part of the contract, your honor Does exhibit B have the specifications Exhibit B is a table of contents that refers to specifications And exhibit B itself, the words on exhibit B, we have to acknowledge Exhibit B itself, the table of contents Does not refer to the specification that we cited Exhibit B is not Then how does it become part of the contract Because the specifications themselves are part of the contract So you're relying on article 1 Yes, your honor, yes I may have confused whether there's the former or the latter These are the Netterwald specs Yes So they're not your specifications They're nothing, the contract is between Tanger and Rockford So explain to me how some other company's specs Get incorporated into a contract That has an integration clause saying What you're signing in its exhibits is everything Sure, because Netterwald is a site civil engineer And the site civil engineer is the entity that created the specs And does the contract say Including the site civil engineer Because you drafted it, right Correct, your honor, what it says is Article 1 refers to the specifications Refers to what Article 1 refers to the specifications Okay, these are the specifications developed by the engineer Correct, your honor Okay, and you're saying that in those specifications It obligates Are they the contractor or the manager? Contractor, your honor It obligates It obligates them to hire their own Geotechnical engineer, your honor, yes That's exactly what it says Okay Their own independent geotechnical engineer I mean, that's what the specification says The Netterwald specs Correct, your honor Which the affidavit of the project architect Paul Surge He affirmed under oath Those specifications drafted by Netterwald Your honor, Netterwald That's parole evidence I mean, his testimony after the fact is parole evidence That's specifically excluded So we've got to be able to look at the contract And figure that out Exactly, your honor, so let's look at the contract Again, Article 1 of the contract Says specifications are included We identified those specifications Respectfully, it's not parole evidence Because we're not arguing the contract is ambiguous And requires extrinsic evidence to determine what it means We're saying those specs are part of the contract Pursuant to Article 1 Which refers to specifications And then Rockford wants to bounce directly to Article 16 Which says 16.1.7 Additionally, it includes the following documents Which again, refers to Exhibit B Which is a table of contents But not the specifications Rockford is arguing out of both sides of its mouth When it says this is in the entire contract When the entire contract has When are the specs issued? When? In advance of the contract being signed This is not parole evidence, your honor What the district court did that was the error Is the district court abjectly ignored The specifications that we attached That we identified are part of the contract That's why it's not ambiguous By the way Again, I believe the court was looking to Exhibit B The court sees what we're talking about That's not the specifications It's just a table of contents The specifications that Exhibit B refers to Are, your honor, the specifications Drafted by Naderveld And by the way, what's curious I see that my time is up If I may finish the answer to the court's question Jack Barr, the Naderveld engineer Himself was asked explicitly Were these specifications included in the contract? His answer was, I don't know Rockford in its briefing changes that And affirmatively says That Jack Barr says they were not included That's absolutely not what he said He said he doesn't know Good morning Michael Ward on behalf of Rockford Construction Company May it please the court The court has done an excellent job Zeroing in precisely on what's at issue in this case In part Looking at 16.1.7 of the standard agreement Under the AIA standard form of agreement Separate in part from the general form of agreement The Article 1 references in broad terms Specifications and other documents However, when you look at 16.1.7 It gets very specific In terms of what is actually going to be called out As the contract documents It says, it references that AIA document A201 Provides that bidding requirements Such as advertisements or invitations to bid Instructions to bidders Sample forms And the contractor's bids Are not part of the contract documents And unless enumerated in this agreement They should be identified here And be part of the agreement So then under 16.1.7 There's a long list of exhibits In terms of attachments That are considered within the contract itself Does it say additional? It uses the term No, it excludes all of those things It says they will not be considered Unless identified here It does not say additional I'm sorry, the specifications are not listed As something that's excluded, right? Only to the extent they may be considered To be part of instructions to bidders Sample forms To the contractor's bids Are the specifications listed In that list of things that aren't included?  Okay No, what it does I think I understand your question, Your Honor Exhibit B referenced by counsel Does identify specifically The specifications that are to be included And there are several pages Of specific specifications Within those specifications Spec 31200 Which Tanger wants this court to believe Is part of the specifications Is not identified There are very specific identifications Of the standards and specific specs That are included Including those for earth moving Which is what we're really talking about here And it does not identify Anywhere within that document 31200 It does identify numerous other specifications So what about He says Article 1 Which says specifications issued Before the contract And he says net or rural specs Were issued before the contract So they're expressly incorporated By Article 1 I'm backing into that You're exactly right, Your Honor They were not issued They were proposed at some point Intermingled with other proposed specifications Including those of architects And what Jack Park testified to Was those were basically put out there They're undated They're not signed And we incorporate those Into the contract document Guiding this project No one relied upon those Except now Tanger in retrospect Has come to this court Claiming they're part of the contract documents They were not I would agree with Your Honor Judge Lepar, you brought up the parole evidence issue And I spent some time in the brief Discussing basically what are the four corners Of the contract document at issue here And we've talked about some of the testimony If you were to look outside The testimony of the various witnesses We've provided to this court Established that Jack Park Believes those were drafted As just a proposal Never adopted by anyone Can I ask you, what does issued prior to mean? Issued prior to would have been Either issued by owner To contractor And agreed to Either issued by architect To owner and agreed to How do we know that? There's no independent Identification or definition Within the standard AAA contract for that And I don't believe there's been any evidence Submitted certainly to this court Nor during the course of discovery As I uncovered That dealt with that specific issue In terms of defining that And why do you think 16.1.7 limits Article 1? To the extent that it identifies What is not to be included That initial preamble provision Of the You're talking about in the parenthesis List here any additional Correct, your honor Yeah, exactly right And then what it does Afterwards it supplements And it's exhibit A It's exhibit B And we further define those In exhibit D In terms of the use of the soils That are native That the owner is going to do I don't understand something I'm sorry Do you disagree that exhibit B Is a table of contents? I disagree It's not just a table of contents It is a list of specifications It's not a table of contents Okay And you're saying And Within that Table of contents Are there specifications? I'll quarrel with the use Of the table of contents term But there are identified Very specifically Specifications For the project And my earlier point That Tanger is arguing Specification identified In a draft form Is 31200 Is nowhere listed Within the list of specifications There's lots of specifications Very specific throughout the project But within the receiving Provision of exhibit B 31200 is nowhere to be found Okay And are you saying That if one looked at the Four corners of the contract Everything is in there? Everything is in there There is no reason to look Outside of the four corners Of the contract There is absolutely no Contractual provision That places a burden On the project    Attached, right? No, they're not attached Because they are In some instances Some of these specifications Especially those under A and C Are huge reams of material Because it's a multi-billion So there are some things That are incorporated In Article I It would seem to be Totally unnecessary Or superfluous, right? It's extremely broad And it doesn't provide Any definition at all It certainly opens the parties I think to the idea That okay, if you're going To build this Pursuant to AIA standard Agreements or general provisions It would be wise Under 16.1.7 To have some Specifications That it's referencing It's just simply Referencing specifications Amongst other things But everybody agrees That specifications meant I'm sorry Who was the The entity Newhouse or something? Does everybody agree What the specifications are With the capital S? Specification It's been called a draft By the Netterveld principal Jack Barr Who prepared the initial set At some point Pre-bid Prior to the contract being Entered into Drafted this set And he said It was just a draft It was never adopted And looking at it You can see it's undated In his testimony That this was not To his knowledge part He said I doubt it I doubt this was part of the contract Or part of the specifications adopted There's no indication By any source That these were adopted Are you saying That specifications As used in article 1 Really means Whatever in 16.1.7 And owner Tanger in this case Went to great lengths To identify In numerous attachments Exactly what is that Universe of specifications Being referenced in there And it has to do With all of the specifications Pertaining to the construction Of buildings The construction of the Driveways and roadways The parking lots Which it does become Part of the contract And that's a key document Obviously in this case Where Rockford sought guidance With regard to the substitution Of a specified material The specified material Came from MTC As was earlier pointed out The geotechnical expert Retained by Tanger in this case Did you do it As for the sub-base too It was done for the sub-base Except the material So you got both Because the MTC report says That for the sub-base The SP or SP-SM Whatever that was That the sub-base Materials on site Were both Qualified under that And non-qualified like clay That you found in one area Right So did you ask for clarification I know you did on the other Sub-base materials as well Substitution of 21 for 22 There were other testing That approved the on-site soils And there are reams Of obviously testing data And that's never really been The issue in this litigation With regard to the moisture Retention if you will Of the fine materials Because that all rose out Of the coarser material Which was the on-site Broken up concrete pieces Thank you Judge White asked a moment ago If Exhibit B is a table of contents And Rockford's counsel Took issue with calling it A table of contents Rockford in its brief Document 19 At page 9 Refers to Exhibit B As a table of contents If there's no issue If it's a disputed fact And if those specifications That Tanger says are part of the contract If they were only a draft They're labeled specifications They say like geotechnical Testing agency qualifications An independent testing agency Qualified to ASTM E329 To conduct soil materials And rock definition testing Yes your honor They list things Clay subgrade To be inspected and tested By a testing agency I mean it's much more Than a table of contents Your honor If what Rockford clarifies As a draft Is only a draft Where in the record Are the actual specifications Where does Rockford point to What the specifications really are If that's not just a table of contents As Rockford itself defined it Where is the affidavit of Rockford That says here's the entirety Of what the integration clause says Exactly your honor And article 1 Hold on he's right what 16 says 16 says some of these are excluded What 16.1 The very first word of 16.1.7 Is additionally It is in addition to article 1 By it's own terms And then you look at exhibit B Which is a table of contents As Rockford defines it And nowhere in exhibit B Are actual specifications And that's a disputed fact Where are the final specifications Where is Rockford's affidavit Attesting to what the contract was It says other documents If any listed below And then it says And it gives intended to form Part of the contract List here any additional documents So it existed before We all agree That are intended to form Part of the contract documents The bidding part And it says They should be listed here Only if intended to be part of the contract documents Yes your honor Sample forms and contractors bids Are not part of the contract documents Unless enumerated in this agreement Yes your honor Where are the actual specifications your honor I don't know you guys put Exhibit B list of specifications So we look to exhibit B We follow what is in the four corners And you could have very well Put exhibit L Your honor Rockford is arguing both sides of its mouth Exhibit B is a table of contents It is not the specifications It says list of specifications Exactly it's a list It's a glossary But where in there does it say Net of old specs that were Created on such and such date You could have done that You could have incorporated it You could have made this easy Instead of litigating it forever It's the specifications Is specifications defined in the contract Yes your honor Specifications is defined At section 1.1.6 Specifications are defined as The portion of the contract documents Consisting of written requirements For materials and performance That's not what exhibit B is your honor Exhibit B is not written requirements For materials and performance It's not the specifications Say it again the portion of the contract Consisting of written requirements For materials and performance Of related services Okay so where is that It's what we attached It's what the affidavit says It's exhibit 4 to our motion It's the specifications Rockford never identifies The final specifications But it says consisting of Consisting of written requirements Section 1.1.6 your honor But 16.1.4 says the specifications And it says see exhibit B Judge White's question was Is specifications defined If the court looks to 1.1.6 That's the definition of specifications 16.1.7 includes exhibit B Which is a mere table of contents The court talks about The four corners of the document 16.1.4 says the specifications And then says see exhibit B It does your honor And exhibit B is a table of contents We talk about the four corners Okay but hold on Yes your honor I tried to ask you this before If you So exhibit B isn't Really Exhibit B would be a table of contents If there were A document That included All those things That are in That are listed there right Yes your honor Okay Is there such a document Yes your honor Okay and does that document Include This requirement that you want to impose Yes your honor Okay and where is that document It's the document that we attached To our motion for summary judgment At the trial court level As attested to by Paul Surjack It's the specifications That document Yes your honor The document that you attached Does it follow the same headings Yes So if you looked at I wish I had it in front of me But if you looked at one of the sections That are listed in the table of contents It would correspond To A particular provision In What you say are the specifications Yes your honor Okay And So What's the purpose of If I understand correctly The provision that requires That they hire their own expert Yes your honor Does not correspond to a section That is listed in the table of contents What a brilliant question That explains why we have Disputed issues of fact Do we know What that actual specification Reference in the table of contents says Does anyone know Has Rockford identified it in the record No No one knows what it says I'm sorry I thought that what you were saying Is that That table of contents Corresponds To sections in What you say are the specifications It does It is referenced in exhibit B There is a section There is a section of that number In our specifications And does that Is that The section that says Hire your own soils expert It is not It is not your honor What we are saying Is that you look at article 1 And article 1 defines Specifications with a capital S And then exhibit B Right Added them It is additional 16.1.7 says additionally Alright so That is the specs But if this Okay But if the specifications Are defined Those are the Netterfeld specs Okay I mean you say So the definition does not refer to section 16 at all It just says written Requirements It defines what specifications are your honor Okay Alright I see my time has expired I would urge the court to reverse and remand We appreciate The argument We will consider the case here